THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO SOTO REQUENE, Defendant and Appellant.

No. CR-64-127.          Decided October 30, 1964.

*Enrique C. Calderón,* counsel designated by the Supreme Court to offer legal assistance to defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: After waiving his right to a trial by jury, appellant was convicted by a court of an offense of burglary in the first degree and sentenced to serve from 5 to 10 years in the penitentiary.

In this appeal he alleges that the trial court erred (1) in admitting evidence illegally obtained; (2) in questioning,

and permitting the district attorney to question, the defendant on former convictions; (3) in admitting hearsay evidence.

■ ■ The errors were not committed. The evidence illegally obtained to which appellant refers consisted of some tickets of the Puerto Rico Lottery, seized on defendant at police headquarters, which had been stolen the night before from the residence of Alfonso Martínez Blanco. His contention is untimely. He did not raise it before or at the trial. When they were presented in evidence, the defense said that he did not object to their admission. He cannot raise that question now for the first time on appeal. *People v. Bonilla*, 78 P.R.R. 144 (1955); *People v. Pierantoni*, 67 P.R.R. 755 (1947). In any event, that evidence is not the product of an illegal arrest. After the residence of Martínez Blanco was burglarized and the burglar had been described to the police, the defendant was taken to police headquarters where he was duly identified as the person who had previously committed burglary in the first degree on which a complaint had been filed. The public peace officers could arrest defendant at that moment on a charge made, upon reasonable cause, of the commission of that offense, which is a felony, by the said defendant. Section 116(4) of the Code of Criminal Procedure then in force. The arrest being valid, the search of defendant, incidental to his arrest, was legal. See *People v. Soto*, 77 P.R.R. 193 (1954).

■ The defendant testified at the trial. The questions on former convictions made to him by the judge as well as by the district attorney were not objected to by the defense. We have held that objection should not be allowed, for the first time on appeal, to evidence which should have been excluded had it been timely objected to. *People v. Vázquez*, 75 P.R.R. 22 (1953). However, those questions did not prejudice defendant's rights. Defendant himself, on direct

examination, was the one who mentioned the investigations in other cases in which he had been involved and on the results thereof. See *People* v. *Archeval*, 74 P.R.R. 478 (1953). On the other hand, the questions made by the judge and the district attorney referred to defendant's former convictions for felonious offenses, which he finally admitted. Those questions were proper for the purpose of impeaching his credibility. *People* v. *González*, 80 P.R.R. 203 (1958).

■ The fact that a witness testified that the policeman had told him that he found the lottery tickets on the person of defendant is no ground for reversal of the judgment on appeal if we consider that that evidence was not objected to, *People* v. *Jiménez*, 78 P.R.R. 7 (1955); *People* v. *Ortiz*, 62 P.R.R. 246 (1943), and if we consider further that the policeman testified subsequent thereto that he had seized the tickets on defendant.

The judgment appealed from will be affirmed.